IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| VIRNA M. DANIELS, | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-02938-AW |
| | * | |
| HOUSING AUTHORITY OF PRINCE | * | |
| GEORGE'S COUNTY, *et al.*, | * | |
| Defendants. | * | |

**************************************************************************

### <u>Memorandum Opinion</u>

Currently pending before the Court is a Motion to Dismiss by Defendants Housing Authority of Prince George's County and Eric C. Brown, in his official capacity as Executive Director of the Housing Authority of Prince George's County. Doc. No. 12. The Court has reviewed the motion papers submitted by the Parties and finds that no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). Defendants have not filed a timely reply and have informed the Court that they do not intend to do so, and thus Defendants' motion is ripe for review. For the reasons articulated below, the Court will deny Defendants' Motion to Dismiss.


I.      **Factual & Procedural Background**

The following facts are drawn from the Complaint and viewed in a light most favorable to Plaintiff. Plaintiff began receiving subsidies from the Homeownership Option of § 8 Housing Choice Voucher Program in August 2010. Comp. ¶ 15. The housing voucher program is a federal program created to help low-income families afford home ownership. *Id.* ¶ 9; 42 U.S.C. § 1437f. In a letter dated August 12, 2010, Defendants informed Plaintiff that her August 2010

housing assistance payment would be $1,045. Compl. ¶ 16. However, due to Defendants' inability to process the payment on time, Plaintiff was paid only a prorated amount of $945 for the month of August.

Plaintiff objected to receiving a prorated amount. Moreover, Plaintiff believed that Defendants had incorrectly calculated the $1,045 subsidy because they had used an inflated estimate of the income of her son, Dahvae Akers, who had been living with Plaintiff at the time. *Id.* ¶ 17.  Thus, Plaintiff immediately faxed a written request for an informal hearing to challenge Defendants' actions.  *Id.* Under the United States Housing Act of 1937, the Secretary of the United States Department requires that every Public Housing Authority establish and implement an administrative grievance procedure under which participants will, *inter alia*, have an opportunity for a hearing before an impartial party upon timely request.  *Id.* ¶ 13; 42 U.S.C. § 1437d(k).

Defendants did not respond to Plaintiff's request for an informal hearing. Compl. ¶ 18. Plaintiff retained counsel from the Legal Aid Bureau who contacted Defendants on September 15, 2010 in an effort to resolve the dispute informally.  *Id.* ¶ 18. Shortly thereafter, Plaintiff's son moved out of her home.  *Id.* ¶ 19. Plaintiff informed Defendants on November 17, 2010 that her son had left her household and that her subsidy should be increased to account for his loss of income.  *Id.*

On November 18, 2010, Plaintiff's counsel e-mailed Defendants, reiterating her requests and including a spreadsheet demonstrating mistakes made by Defendants in calculating Plaintiff's housing assistance payment.  *Id.* ¶ 20. Defendants scheduled a meeting with Plaintiff for November 30, 2011, and Plaintiff informed Defendants she would provide affidavits to verify her son's leaving the household.  *Id.*

On November 30, 2010,[1] Defendants cancelled the scheduled meeting with Plaintiff. *Id.* ¶ 21. Plaintiff nevertheless provided her affidavits to Defendants by e-mail. *Id.* In a letter mailed December 8, 2011, Defendants responded that Plaintiff must submit other documentation of her son's change of address. *Id.* ¶ 22. Defendants continued to provide her a subsidy of $1,045, and Plaintiff contends that, given her son's absence, she should have been receiving $1,554. *Id.* ¶ 23.

On January 10, 2011, Defendants sent Plaintiff a letter stating that her housing assistance payment would be increased to $1,554 effective January 1; however, Defendants refused to correct their past underpayments. *Id.* ¶ 24. Plaintiff contends that the letter did not notify her of her right to contest Defendants' decision. *Id.*

On January 18, January 20, January 28, and February 3, 2011, Plaintiff's counsel contacted Defendants requesting an informal hearing and requesting that Defendants review her case file, but Defendants did not respond. *Id.* ¶¶ 25, 26.

On October 14, 2011, Plaintiff brought suit in this Court against Defendants, alleging a cause of action under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment Due Process Clause, due to Defendants' failure to provide her a hearing to uphold her property interest in her housing assistance payments (Count I). Additionally, Plaintiff alleges four causes of action under 42 U.S.C. § 1983 based on violations of the Housing Choice Voucher Program. Plaintiff seeks $5,000 in compensatory damages as well as a court order that Defendants hereafter comply with the United States Housing Act of 1937.

## II.    Standard of Review

---

[1]Plaintiff alleges that the meeting was cancelled on November 30, 2011, but the Court understands Plaintiff to have meant November 30, 2010.

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the] complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In its determination, the Court must "accept the well-pleaded allegations of the complaint as true," *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and "must construe factual allegations in the light most favorable to the plaintiff," *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In resolving a motion to dismiss, the Court should proceed in two steps. First, the Court should determine which allegations in the Complaint are factual allegations entitled to deference, and which are mere legal conclusions that receive no deference. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

III.    **Analysis**

4

A.    Due Process Claim

Plaintiff alleges a claim under § 1983 for violation of her Fourteenth Amendment Due Process rights to a hearing so that she may secure her property interest in housing assistance payments.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff's participation in the Section § 8 Housing Choice Voucher Program, administered by the Public Housing Authorities, is a property interest to which Constitutional rights of procedural due process apply. *Davis v. Mansfield Metro. Hous. Auth.*, 751 F.2d 180, 184 (6th Cir. 1984).

Procedural due process requirements must be met before one is deprived of his liberty or property interests. *Bd. of Regents v. Roth*, 408 U.S. 564, 569. In considering whether procedural due process has been complied with, one must first identify the "nature of the interest at stake" and that the plaintiff "ha[s] a legitimate claim of entitlement to it." *Id.* at 570-71, 576.  For individuals who qualify, public assistance benefits are a right to which they are entitled by statute. *Goldberg v. Kelly*, 397 U.S. 254, 261-62 (1970). Entitlement, then, depends upon whether the individual is considered eligible under the statute. *Roth*, 408 U.S. at 577.

Given that Plaintiff began receiving subsidies under the Housing Choice Voucher Program in August 2010 and has continued to receive such assistance, the Court can infer that Plaintiff is eligible for public assistance benefits. As such, Plaintiff has a property interest in the benefits, and due process protections apply.

Defendants do not address the merits of Plaintiff's claim in their Motion to Dismiss; rather, they argue that Plaintiff's Complaint fails to allege her claims with sufficient specificity

under the *Twombly-Iqbal* standards. The Court disagrees. Plaintiff alleges, *inter alia*, that she sent Defendants a spreadsheet demonstrating mistakes by Defendants in calculating her benefits and that Plaintiff has not been afforded a hearing on this matter. Plaintiff alleges specific dates in which she or her counsel contacted Defendants about the subsidy miscalculations (August 16, 2010, September 15, November 17, November 18, January 18, 2011, January 20, January 26 and February 3), specific amounts of payments made by Defendants ($1,045 and $1,554) as well as the amounts she believes she was underpaid ($509, which the Court can infer as the difference between the $1,554 Plaintiff alleges she should have been paid and the $1,045 she was in fact paid), as well as the circumstances which Plaintiff believes led to such underpayments (inflation of son's income and failure to timely account for son's departure from home). Plaintiff alleges that Defendants cancelled a scheduled meeting with her and have failed to provide her a hearing or otherwise respond for her requests to review her documents. These are all allegations of fact which are entitled to deference. *See Iqbal*, 129 S. Ct. at1949-50.

Defendant contends that Plaintiff failed to include when she first became eligible to participate in the subsidy program as well as the income of her son. These kinds of specific facts are not necessary to present Defendants with "fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Defendants have not addressed the merits of Plaintiff's claims or provided the Court with any other reasons as to why her Complaint should be dismissed. Accordingly, the Court finds that Plaintiff's has properly pled a § 1983 claim for violation of the Fourteenth Amendment's Procedural Due Process protections, and Defendant's motion on this Count will be denied.

B.     <u>Housing Choice Voucher Program Claims</u>

Plaintiff claims that Defendants are liable under § 1983 for violating the Housing Choice Voucher Program, specifically: 42 U.S.C. §§ 1437d, 1437f3, 24 C.F.R. §§ 982.54, 982.555 (Count II); 42 U.S.C. § 1437f, 24 C.F.R. §§ 5.628, 982.54, 982.635 (Count III); 42 U.S.C. § 1437f, 24 C.F.R. §§ 5.628, 982.54, 982.635 (Count IV); and 42 U.S.C. § 1437f, 24 C.F.R. §§, 982.516, 982.54, 982.635 (Count V). As stated *supra*, "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Atkins*, 487 U.S. at 48.

Private individuals may bring lawsuits to enforce rights created by federal statutes as well as those arising under the Constitution. *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). The Supreme Court has found that individuals may bring a private right of action under §1983 to enforce the Housing Choice Voucher Program. *See Wright v. Roanoke Redev. & Hous. Auth.*, 479 U.S. 418, 429 (1987) ("nothing in the Housing Act or the Brooke Amendment evidences that Congress intended to preclude petitioners' § 1983 claim"). The statutes implementing the Housing Choice Voucher Program are meant to impose a duty on public housing authorities to establish and implement administrative grievance procedures, including an opportunity for a hearing upon timely request. *See* 42 U.S.C. § 1437d(k).

In the instant action, Plaintiff alleges that she was deprived of the opportunity for a hearing where her payments were incorrectly calculated, despite the many attempts by her and her counsel to secure a hearing. Defendants do not contest Plaintiff's right to bring a § 1983 claim based on violations of these statutes but rather argue that Plaintiff has not alleged enough facts to state such a claim. Defendants focus on Plaintiff's failure to produce sufficient evidence that her payments were improperly calculated; however, that is a matter for discovery. The

7

central claim, which Plaintiff has sufficiently alleged, is that she had a grievance regarding her housing subsidy and Defendants failed to implement the appropriate administrative grievance procedure to secure her rights. Accordingly, Plaintiff has properly stated a cause of action under the cited regulations and Defendant's motion will be denied as to the remaining counts in Plaintiff's Complaint.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be denied. A separate Order will follow.

March 12, 2012
        Date

_____/s/_____

Alexander Williams, Jr.
United States District Judge